# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDDY WRIGHT, et al., | Case No.: 1:16-cv-01214-JLT |
| Plaintiffs, | ORDER GRANTING MOTION TO ENFORCE JUDGMENT |
| v. | |
| TEHACHAPI UNIFIED SCHOOL DISTRICT, | (Doc. 63) |
| Defendant. | |

On February 18, 2020, Plaintiffs filed a motion to enforce judgment and compel Defendant to pay awarded attorneys' fees and costs. (Doc. 63.) On March 4, 2020, Defendant filed an opposition. (Doc. 67.) Plaintiffs filed a reply on March 11, 2020. (Doc. 68.)

**I.     Factual Allegations and Background**

On December 22, 2015, the Office of Administrative Hearings decided the case of <u>A.W. v. Tehachapi Unified School District</u>, Case No: 2015050337. (Doc. 63 at 2.) The OAH determined that A.W. was a prevailing party pursuant to IDEA, which entitled A.W. to attorneys' fees and costs. <u>Id</u>. after filing this action for attorneys' fees and costs (Doc. 1), on August 4, 2017, the Court awarded attorneys' fees and costs as follows:

1. Plaintiff's request for attorneys' fees related to the administrative proceedings is **GRANTED** in the modified amount of $**99,330.00**;

2. Plaintiffs' request for costs related to the administrative proceedings is **GRANTED** in the amount of **$1,580.00**;

1

3. Plaintiffs' request for attorneys' fees related to the proceedings before the District Court is **GRANTED** in the modified amount of $**39,087.50**; and

4. Plaintiffs' request for litigation expenses before the District Court is **GRANTED** in the modified amount of $**647.45**.

(Doc. 47 at 27-28.) On August 31, 2017, this Court entered judgment (Doc. 48) and the Defendant appealed. (Doc. 49.)

On November 20, 2018, the Ninth Circuit Court of Appeals affirmed the award of fees and costs (Doc. 56), and on December 12, 2018, the Ninth Circuit issued the mandate and awarded costs in the amount of $398.10. (Doc. 59.) On January 7, 2019, the Ninth Circuit awarded Plaintiffs $35,070.00 in attorneys' fees incurred in defending against the Defendant's appeal to the Ninth Circuit. (Doc. 60 at 3.)

On December 5, 2018, Plaintiffs' attorney, Andréa Marcus, emailed counsel for the defense inquiring about when payment would be made. (Doc. 63-9.) On January 22, 2019, the TUSD School Board considered the outstanding bills in closed session, and "no reportable action" was taken. (Doc. 63 at 3; Doc. 63-11.)

After several more requests asking about when payment would be made, the Defendant's attorneys responded on January 25, 2019. (Doc. 63 at 4) The letter reads in part:

> With regard to your assertion that TUSD has refused to pay these judgments, that is also incorrect. As we have already explained to you several times before in emails sent to you on December 21, 2018 and January 17, 2019, TUSD will comply with these judgments under the timelines specified in Government Code section 970, et seq.
>
> As discussed before, under Government Code section 970.4, the timeline for the first payment is due within the same fiscal year the judgment becomes final. As such, TUSD is not late with any payment due.

(Doc. 63-12 at 2.)

On January 27, 2019, Plaintiffs' attorney again inquired about the status of payment (Doc. 63 at 4): "Thank you for your letter, but it was not informative regarding my outstanding questions. You have still refused to say when my firm can expect payment on a series of fee awards in the Quatro and Wright cases, starting in 2017," and Plaintiffs' attorney included a list of inquiries. (Doc. 63-13 at 1,

emphasis omitted.)

A few days later, Defendant's attorney responded (Doc. 63 at 5-6) :

> As final primary matter, contrary to your assertion, I have never refused to say when your firm can expect payments on the Quatro and Wright judgments. I have simply informed you that the Board is still considering how the District will comply. We will [notify you] once the Board has made its determination as to what funds are available to pay these judgments. The Board will make its determination within the time period provided under the Government Code.
>
> . . .
>
> As explained before, TUSD is within the timelines for payment specified under Government Code sections 970.4 and 970.5. Even assuming your theory that the judgments were enforceable on appeal is correct, I would note that the Wright and Quarto judgments became enforceable under Rule 62 on September 10 and September 9, 2017, respectively. (See F.R.C.P. 54 and 58.) We are still within the ensuing fiscal year for which TUSD can pay funds if they are available, or declare a hardship. (See Gov't Code §§ 970.5 and 970.6.)

(Doc. 63-14 at 1-2.)

According to Plaintiffs, on April 2, 2019, Defendant's attorney responded to Plaintiffs' repeated inquiries regarding paying the fees and costs awarded Plaintiffs (Doc. 63 at 6), and stated in part that:

> TUSD (like many other school boards) will review its budget near the close of this fiscal school year and determine the status of its funds. At that time, TUSD will review your requests for payment, and based on its ability to pay and its other fiscal commitments, it will come to a decision. This cannot happen any time before May 1, 2019.
>
> In short, [Kern County Superintendent of Schools] will not be paying any portion of TUSD's obligations; and I will be in touch shortly after May 1, 2019 on this issue.

(Doc. 63-15 at 2.)

According to Plaintiffs, on June 27, 2019, Plaintiffs' attorney inquired again regarding "when, how and if Defendant would be paying on the judgements [sic] outstanding." (Doc. 63 at 6.) Plaintiffs report that, after receiving no response, Plaintiffs' attorney's office manager sent an invoice and W-9 form to the Kern County Superintendent of Schools (Ms. Barlow) and the Superintendent of Tehachapi Unified School District "requesting payment, and instead, received a letter from the law firm representing both – School's Legal Service – still giving no notice of when, how, or if, the

3

judgement would be paid, but again asserting that the Kern County Superintendent of Schools had no responsibility for the debt, despite the fact that the payments received by [Plaintiffs' attorney] and her colleagues have been issued on checks from the Kern County Superintendent of Schools, and signed by Ms. Barlow." (Doc. 63 at 6-7.)

On February 18, 2020, Plaintiffs filed a motion to enforce the judgment and to compel the Defendant to pay, and states that she "brings this Writ of Mandamus, in an effort to receive this Court's support in collecting the fees and costs awarded for prevailing in contingency work on behalf of A.W." (Doc. 63 at 7.) On March 4, 2020, Defendant filed an opposition, requesting time to review budgetary information prior to the allocation and/or payment of funds. (Doc. 67 at 5.) Plaintiffs filed a reply on March 11, 2020. (Doc. 68.)

## II. Legal Standards

### A. Writ of Mandate

The federal mandamus statute provides: "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt;" and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).

In California, money judgments against local public entities are enforced under article 1 of chapter 2 of part 5 of division 3.6 of title I of the Government Code, consisting of sections 970 through 971.2. Civ. Proc. Code §§ 683.320; 695.050; Cal. Gov. Code §§ 970(b), 970.1(b); California Fed. Savings & Loan Assn. v. City of Los Angeles, 11 Cal. 4th 342, 346-47 (1995); Barkley v. City of Blue Lake, 18 Cal. App. 4th 1745, 1750 (1993). Under section 970.2, "A local public entity shall pay any judgment in the manner provided in this article. A writ of mandate is an appropriate remedy to compel a local public entity to perform any act required by this article." Gov. Code § 970.2; Barkley, 18 Cal. App. 4th at 1751 n.4.

///

4

### B. Requirement of Public Entity to Pay Judgments

Section 970.4 of the California Government Code provides that a local public entity must pay any judgment in the fiscal year in which it becomes final, to the extent that funds are available:

> Except as provided in Section 970.6, the governing body of a local public entity shall pay, to the extent funds are available in the fiscal year[1] in which it becomes final, any judgment, with interest thereon, out of any funds to the credit of the local public entity that are:
>
> (a) Unappropriated for any other purpose unless the use of such funds is restricted by law or contract to other purposes; or
>
> (b) Appropriated for the current fiscal year for the payment of judgments and not previously encumbered.

Cal Gov Code § 970.4. "[I]f a local public entity does not pay a judgment, with interest thereon, during the fiscal year in which it becomes final, the governing body shall pay the judgment, with interest thereon, during the ensuing fiscal year immediately upon the obtaining of sufficient funds for that purpose." Cal Gov Code § 970.5. Section 970.8, subdivision (a) provides that "[e]ach local public entity shall in each fiscal year include in its budget a provision to provide funds in an amount sufficient to pay all judgments in accordance with this article."

In sum, the Government Code expressly and specifically requires a local public entity to pay the full amount of any judgment, with interest. The entity is required to pay the judgment out of any unrestricted funds it has for the fiscal year in which the judgment was entered, and if any amount remains unpaid, is required to obtain funds and pay that amount the following fiscal year. The only exception is that the entity can in some cases obtain a court order allowing it to pay the judgment, with interest, in annual installments for a period up to 10 years. Gov. Code § 970.6.

### III. Discussion and Analysis

#### A. Payment of Judgments

Defendant failed to pay in the fiscal year in which the judgment became final (2018/2019) in

---

[1] "Fiscal year" means a year beginning on July 1 and ending on June 30 unless the local public entity has adopted a different fiscal year as authorized by law, in which case "fiscal year" means the fiscal year adopted by such local public entity. Cal Gov Code § 970.

accordance with Section 970.4. Assuming Defendant did not have had funds available at that time, this excuses payment only during that fiscal year. Instead, in that event, Section 970.5 *requires* it to pay the judgment in the following fiscal year (2019/2020).

The Court's judgment on the award of fees and costs became final on December 12, 2018 when the Court of Appeals issued the mandate. (Doc. 56.) Additionally, the Ninth Circuit awarded attorneys' fees on January 7, 2019. (Doc. 60.) These judgments became final in the 2018/2019 fiscal year. Accordingly, Defendant was required to pay the judgment by June 30, 2019. See Cal Gov Code § 970.4. Because Defendant failed to do so, it is required to pay during the ensuing fiscal year as required by Cal Gov Code § 970.5, *i.e.*, by June 30, 2020. See Cal Gov Code § 970.5.[2]

Defendant must pay the judgment in the manner provided by Government Code section 970, et seq., otherwise a writ of mandate is the appropriate remedy to compel Defendant to perform. See Cal Gov Code § 970.2; see Tevis v. City & County of San Francisco, 43 Cal. 2d 190, 200 (1954) (recognizing that a writ of mandate is properly issued to direct city officials to pay claims on the presumption that the claims will be paid if funds are available, and if unavailable, that the proper steps will be taken to appropriate the amount required to pay them).

Defendant states in its opposition that the Tehachapi Unified School District was to meet to review the issue of payment of these judgments on March 10, 2020. (Doc. 67 at 2.) Defendant contends that the Tehachapi Unified School District will need the opportunity to review the budget to determine how payment on the judgment can be made. (Doc. 67 at 4-5.) As Plaintiffs argue, "[s]tate law does not provide for the indefinite payment plan Defendant appears to argue it does . . . particularly after delaying resolving it in the budget year the judgement [sic] is entered." (Doc. 68 at 2.)

At the hearing, counsel for the District admitted that the District did not consider paying the judgment during the 2018/2019 year, despite the judgment became due in that fiscal year, and that the Board members did not meet to discuss the judgment until it was time to develop the 2019/2020 budget. Chief Financial Officer Melissa Kielpinksi, who appeared at the hearing for the District,

---

[2] Defendant has not represented to the Court that it has attempted to declare a hardship or obtain a court order allowing it to pay the judgment, with interest, in annual installments for a period up to 10 years, as permitted by Gov. Code § 970.6.

6

admitted that though the District maintains a budget item for payment of legal fees, there was no provision made to pay this judgment in the 2019/2020 budget and no budget provision for judgments in the 2018/2019 budget. Ms. Kielpinksi reported that the payment of the judgment in the current fiscal year would be made by taking funds from other budget line items, such as books and classroom expenses[3], and that this could have been done out of the 2018/2020 budget as well.

As stated above, Government Code § 970.5 **requires** the District to pay the judgment by the end of this fiscal year because it failed to pay in the fiscal year in which the judgment became final. Having failed in total to comply with the law, Defendant SHALL pay the judgment no later than June 30, 2020.

### B. Prejudgment Interest

Plaintiffs also seek prejudgment interest. (Doc. 63 at 11.) Plaintiffs cite to Northrop Corp. v. Triad International Marketing S.A., 842 F.2d 1154, 1155-56 (9th Cir. 1988), stating that prejudgment interest is governed by state law. (Doc. 63 at 11.) However, as Defendant argues, Northrop Corp. addresses prejudgment interest in diversity cases, and since this matter was brought under 20 U.S.C. § 1400, et seq., the rules of diversity jurisdiction would not apply. (Doc. 67 at 4.) Nonetheless, Defendant contends that there are no grounds for prejudgment interest in this case. (Doc. 67 at 4.) Defendant argues that the underlying judgment did not award prejudgment interest and Plaintiffs have cited no authority to authorize prejudgment interest. (Doc. 67 at 4.)

In the complaint, Plaintiffs sought "interest . . . as provided by law, but they did not specify prejudgment interest." (Doc. 1 at 6) They did not seek prejudgment interest in their motion (Doc. 35) and this Court did not award prejudgment interest. (Doc. 47) The time for moving the Court for such an award has passed and Plaintiffs cannot now recover prejudgment interest. (See Doc. 47); see Aussieker v. Staccato Props., LLC, 2019 U.S. Dist. LEXIS 221053, *13-14 (E.D. Cal. 2019) ("Because plaintiff did not pray for such damages in the complaint, and no meaningful notice of the possibility that such amounts would be awarded has been given, plaintiff cannot recover prejudgment interest.")

---

[3] The Court is saddened that the District's conduct has necessitated that this occur. It forwent the option of a payment plan and, consequently, has placed the burden of this judgment on the students.

7

**C.     Postjudgment Interest**

Plaintiffs seek postjudgment interest and cite to 28 U.S.C. § 1961. (Doc. 63 at 11-13.) "[W]here the cause of action asserted arises from a federal statute, questions of the allowance of postjudgment interest in federal courts are governed solely by federal law." <u>Perkins v. Standard Oil Co.</u>, 487 F.2d 672, 675 (9th Cir. 1973) (holding 28 U.S.C. § 1961 applies). Thus, the applicable statutory authority for postjudgment interest in this matter is 28 U.S.C. § 1961. And 28 U.S.C. § 1961(a) permits interest to be ordered on "any money judgment in a civil case recovered in a district court . . . from the date of the entry of the judgment." <u>See also</u> <u>Kaseman v. District of Columbia</u>, 329 F. Supp. 2d. 20, 28 (D.D.C. 2004); <u>Holbrook v. District of Columbia</u>, 305 F. Supp. 2d 41, 48 (D.D.C. 2004). Nevertheless, it is notable that the California Legislature anticipated that public entities would pay postjudgment interest. (Cal. Gov. Code §§ 970.4, 970.5) Accordingly, Plaintiffs are entitled to interest on attorney's fees under 28 U.S.C. § 1961 accruing from August 31, 2017, the date this Court entered judgment on the award of fees and costs, through the date payment is made. (Doc. 48.) Ms. Marcus **SHALL** provide the Court with a proposed findings and order demonstrating the daily interest due since the Court issued the judgment on August 31, 2017.

**IV.     Conclusion and Order**

For the reasons set forth above, the Court construes Plaintiffs' motion to enforce judgment as a request for issuance of a writ of mandate. The Court **ORDERS**:

1. Defendant **SHALL** pay awarded attorneys' fees and costs **no later than June 30, 2020**, as required by Cal Gov Code § 970.5, including all postjudgment interest;

2. No later than **March 20, 2020**, Ms. Marcus SHALL provide the Court with a proposed findings and order demonstrating the daily interest due since the Court issued the judgment on August 31, 2017. **No later than March 27, 2020**, Ms. Gutcher may file objections to the method of calculation, if any. If she objects to the method of calculating the interest, she **SHALL** offer alternative calculations;

2. A writ of mandate is **ISSUED but held in abeyance until July 1, 2020**, requiring full payment with postjudgment interest from August 31, 2017 to be paid **no later than July 6, 2020**.

**Failure to comply will result in an order to show cause why the individual board**

**members should not be held in contempt.**

IT IS SO ORDERED.

    Dated: __**March 18, 2020**__                                       **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE