UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDDY WRIGHT, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No.: 1:16-cv-01214-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS<br><br>(Docs. 75, 77) |

On March 18, 2020, this Court entered an order granting Plaintiffs' motion to enforce judgment and compel Defendant to pay awarded attorney's fees and costs. (Doc. 71.) Plaintiff now seeks an award of attorney's fees and costs incurred by Plaintiff in having to litigate against Defendant regarding that judgment and enforcing payment of same. (Docs. 75, 77.) For the reasons set forth below, Plaintiff's motion is **GRANTED** in the amount of $16,850.00.

**I.     Background**

On February 18, 2020, Plaintiffs filed a motion to enforce judgment and compel Defendant to pay awarded attorney's fees and costs. (Doc. 63.) On March 4, 2020, Defendant filed an opposition to same. (Doc. 67.) Plaintiffs filed a reply on March 11, 2020. (Doc. 68.) After a hearing, this Court entered an order on March 18, 2020 granting Plaintiffs' motion to enforce judgment and compel Defendant to pay awarded attorney's fees and costs. (Doc. 71.)

On March 30, 2020, Plaintiffs filed the instant motion for prevailing attorney's fees and costs

1

1 for enforcing judgments. (Doc. 75.) Defendant filed an opposition on April 15, 2020. (Doc. 80.)
2 Plaintiff filed a reply on April 20, 2020. (Doc. 81.)

## II.     Legal Standard

"In any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I); *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). An award of attorneys' fees pursuant to the IDEA is "governed by standards set forth by the Supreme Court" in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Aguirre*, 561 F.3d at 1121. "[T]he spirit and purpose of allowing attorney's fees in cases where parents have been forced to litigate for years against school districts to obtain all or even part of what the Individuals with Disabilities Education Act requires . . ." is not to be ignored. *Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006). "[T]he district court has discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437.

The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.* "The district court also should exclude from this initial fee calculation hours that were not reasonably expended." *Id.* at 434 (internal quotation marks omitted). After calculating this lodestar amount, the Court can further adjust the lodestar calculation by considering the following nonexhaustive factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. "The party opposing the

fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008).

### III. Discussion

#### A. Plaintiff is the Prevailing Party

"A prevailing party for the purpose of awarding attorney's fees is a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley*, 461 U.S. at 433). A party is "prevailing" where it can "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006).

In this case, the parties do not dispute that Plaintiff is the prevailing party. This Court granted Plaintiff's motion to enforce judgment on March 18, 2020. (Doc. 71.) This Court ordered that Defendant pay awarded attorney's fees and costs, including all postjudgment interest. (Doc. 71 at 8.) Therefore, the Court finds that Plaintiff is the prevailing party for purposes of determining attorney's fees.

#### B. Lodestar Calculation

Because Plaintiff is a prevailing party, the Court calculates the lodestar figure. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also, Aguirre v. Los Angeles Unified School Distr.,* 461 F.3d 1114 (9th Cir. 2006) (recognizing that *Hensley* applies to IDEA attorneys' fees statute). "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee." *Hensley,* 461 U.S. at 433. To support the lodestar calculation, the prevailing plaintiff must submit documentary evidence detailing the number of hours spent and how it determined the hourly rate requested. *Id.* After the Court calculates the lodestar, and in rare and exceptional cases, the Court may adjust the lodestar . . . based on factors not subsumed in the initial calculation of the lodestar." *Van*

*Gerwen v. Guarantee Mutual Life Ins.,* 214 F.3d 1041, 1045 (9th Cir. 2000); *but see,* 20 U.S.C. § 1415(i)(3)(C) (lodestar fee may not be increased for claims under the IDEA).

1.   **Hourly Rate**

Attorney's fees are "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d, 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). When determining a reasonable rate, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d 1210-11. The court may apply rates from outside the forum "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Barjon*, 132 F.3d at 500 (internal citation and quotation marks omitted). For example, several courts within the Eastern District of California have relied upon the prevailing hourly rates from the Central District of California when examining attorney's fees in IDEA litigation. *See, e.g.*, *Tehachapi Unified Sch. Dist. v. K.M.*, 16-cv-01942-DAD, 2019 WL 331153, at *4 (E.D. Cal. Jan. 25, 2019) (finding defendant demonstrated "scarcity of special education lawyers in the Eastern District of California").

Plaintiffs submit that this Court and the Ninth Circuit Court of Appeals have both awarded Ms. Marcus' rate of $500.00 per hour, citing to *Cortes v. Kern County Superintendent*, No. 1:18-cv-01355-NONE-JLT (E.D. Cal. Aug. 26, 2019). (Doc. 75 at 8.) She indicates that this amount represents the appropriate hourly rate for her as she has practiced special education law, primarily on contingency, for over twenty years. (Doc. 75 at 9.) Defendant does not object to the hourly rate in its opposition. (*See* Doc. 80.) This Court finds that a $500.00 per hour hourly rate is reasonable given rates awarded in other cases in the community for similar work. *See S.L. v. Upland Unified Sch. Dist.*, Nos. 12-55715, 12-56796, 2015 U.S. App. LEXIS 18756, at *6 (9th Cir. May 7, 2015) (awarding hourly rate of $525 for *appellate* work by an attorney with the same years of experience as Ms. Marcus); *see also Jay F. v. William S. Hart Union High School Dist.*, No. 16-cv-05117-TJH, at *4 (C.D. Cal. Jan. 24,

4

2018) (ECF No. 106) (finding $500 hourly rate reasonable for attorney with eleven years of experience).

## 2. Number of Hours to be Awarded

The party seeking the award of fees has the burden of establishing that the fees requested are reasonable. *See Hensley*, 461 U.S. at 434, 437. Thus, a "fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37. A court "may not uncritically accept a fee request," but must review the time billed and determine whether it is reasonable in light of the work performed and the context of the case. *See Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002); *see also McGrath v. County of Nevada*, 67 F.3d 248, 254 n.5 (9th Cir. 1995) (court may not adopt representations regarding the reasonableness of time expended without reviewing the record). A court may reduce the requested award where documentation of the expended time is inadequate. *See Hensley*, 461 U.S. at 433. "[H]ours that were not 'reasonably expended'" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The Court has discretion in determining whether the number of hours was reasonably expended. *Cunningham v. Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

The Court calculates Plaintiffs' invoice as follows: 33.70 hours for attorney Andrea Marcus at a $500 rate, equaling $16,850.00. (Doc. 75-1.) In opposition, Defendant asserts that Plaintiffs' attorney's invoice includes multiple duplicate entries from a simultaneous case and that the invoice includes entries for fees-on-fees-on-fees. (Doc. 80 at 2-7.)

### a. Duplicative Entries

Defendant contends that Plaintiffs' attorney's invoice includes multiple entries from a simultaneous case, *Quatro v. Tehachapi Unified School District*, No. 1:16-cv-01213-DWM. (Doc. 80 at 2-6.) Defendant includes a chart displaying the entries from both cases that "are either identical or closely worded with their counter-parts." (Doc. 80 at 2-5.) In reply, Plaintiffs argue that these entries were "split between the cases that Plaintiff agrees were worked on simultaneously by Plaintiff's

counsel." (Doc. 81 at 2.) Plaintiffs contend that both cases involved Plaintiffs' counsel seeking payment of fee awards long overdue. (Doc. 81 at 2.) Plaintiffs allege that "counsel simply cut her time in half" and none of the billing represents double-billing. (Doc. 81 at 2.)

In reviewing the time record entries, it appears that they reflect a reasonable amount of time spent, even when the time is doubled—to account for billing in both cases. Moreover, it is reasonable for counsel to divide time between the involved cases, rather than burdening only one case with all of the legal effort. Thus, the Court overrules the objection to the billing records on this basis.

    **b.**    ***Fees-on-Fees-on-Fees***

Defendant asserts that Plaintiffs' motion for fees for prevailing in Plaintiff's motion to enforce judgment constitutes "fees on fees on fees," something Defendant asserts the Ninth Circuit has held improper. (Doc. 80 at 6-7.) However, Plaintiffs contend in reply that Plaintiffs' time and expense incurred in bringing and arguing Plaintiffs' motion to enforce judgments does not constitute "fees on fees on fees," as that term is found in any District Court case within the Ninth Circuit. (Doc. 81 at 3.) Plaintiffs distinguish the District Court of the District of Columbia case cited to by Defendant to highlight that the Court there appeared to find that Plaintiffs were indeed "entitled to fees incurred during the adjudication of the due process complaint *and for fees incurred in obtaining the reimbursement of those fees*." (Doc. 81 at 4, citing to *Wright v. D.C.*, 883 F. Supp. 2d 132, 134 (D.D.C. 2012).) Plaintiffs further clarify that in that case, had the court reduced the time allotted to obtaining a fee award, the court would have reduced the fees by more than 3.9 hours. (Doc. 81 at 5.) Plaintiffs argue that the District Court of the District of Columbia is not ruling authority for the Eastern District of California, and Plaintiffs were forced to file for payment of incurred fees where the Defendant refused to agree to pay them without this Court's intervention. (Doc. 81 at 5.)

Plaintiffs cite *T.B. v. San Diego Unified Sch. Dist.*, 293 F. Supp. 3d 1177, 1197 (S.D. Cal. 2018) in reply, stating that the court there determined that fees were properly awarded for work incurred after the fee award, in order to recover those fees. (Doc. 81 at 3-4.) Also, in *Hirsch v. Compton Unified Sch. Dist.*, 2013 U.S. Dist. LEXIS 64556 (C.D. Cal. 2013), the court disallowed fees incurred while bringing a motion to recoup attorney's fees resulting from a motion for attorney's fees, but nevertheless held that the plaintiff was entitled to fees incurred during the adjudication of the due

process complaint and the fees incurred in the reimbursement of those fees. *See Hirsch*, 2013 U.S. Dist. LEXIS 64556 at *20. In this case, Plaintiffs brought the motion to enforce judgment to enforce payment of same and is now seeking attorney's fees incurred in bringing that motion. Plaintiffs are entitled to the fees incurred in connection with the motion to enforce judgment.[1] *See Adams v. Compton Unified Sch. Dist.*, 2015 U.S. Dist. LEXIS 175811, *32 (C.D. Cal. 2015) (discussing Plaintiffs' reimbursement of attorney's fees in the context of the IDEA).

## IV.     Conclusion and Order

Plaintiffs seek attorney's fees for $16,850.00. (Doc. 75.) The motion (Doc. 75) is GRANTED.

IT IS SO ORDERED.

Dated:   **April 24, 2020**                          **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, if the plaintiff was not able to obtain fees such as those sought here, recalcitrant judgment debtors would have significant incentive to refuse to pay, knowing that they would face no additional fees if an enforcement action was brought. An IDEA plaintiff should not have to forego collection efforts because he is unable to pay the attorney to make them.